IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANINE PHILLIPS AFRICA | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LONNIE OLIVER | : | NO. 18-4235 |
| _____ | : | |
| | : | |
| JANET HOLLOWAY AFRICA | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LONNIE OLIVER | : | NO. 18-4236 |

MEMORANDUM

Bartle, J.                                                    January 2, 2019

        Petitioners Janine Phillips Africa and Janet Holloway Africa filed these actions under 28 U.S.C. § 2254 asserting that the decisions of the Pennsylvania Board of Probation and Parole to deny them parole violated their substantive due process rights under the Fourteenth Amendment to the United States Constitution. Before the court are the motions of petitioners to compel discovery.

I

        In 1978, petitioners were arrested following a standoff in West Philadelphia between city police officers and members of an organization known as MOVE. During the standoff, one police officer was killed by gunfire and several others were seriously injured. In May 1980, petitioners and seven co-defendants were convicted in the Court of Common Pleas of Philadelphia County of third degree murder and a number of

lesser offenses.  Petitioners, it should be noted, were not the shooters, and there was no evidence that either brandished a firearm during the standoff.  In 1981, petitioners were each sentenced to a term of imprisonment of 30 to 100 years.  Their convictions and sentences were affirmed on appeal and motions under 28 U.S.C. § 2254 were later denied.  See Africa v. Brooks, No. 04-448 (Jan. 20, 2005) (Doc. # 20); Africa v. Brooks, No. 04-449 (Jan. 20, 2005) (Doc. # 18); Africa v. Digulielmo, No. 04-447, 2004 WL 2360419, at *1 (E.D. Pa. Oct. 20, 2004) (Report and Recommendation of Magistrate).

Petitioners first became eligible for parole in 2008.  They were subsequently denied parole in 2008, 2009, 2010, 2013, 2016, and most recently in May 2018.  In its notices of decision, the Parole Board provided the following justifications:  (1) petitioners' minimization/denial of the nature and circumstances of the offenses committed; (2) lack of remorse; and (3) the negative recommendation made by the prosecuting attorney.

On October 1, 2018, petitioners filed the instant motions under 28 U.S.C. § 2254 challenging the denials of parole.  Thereafter, on November 30, 2018, the Parole Board voluntarily produced to petitioners most of the documents contained in their Parole Board files along with indices identifying the documents contained in the full files.  However, the Parole Board withheld the letters and statements of victims

collected by the Pennsylvania Office of Victim Advocate regarding petitioners. Petitioners now move to compel the production of these victim letters and statements. The Parole Board has provided to the court for in camera review a complete copy of petitioners' files.

Petitioners also move to compel the Parole Board decisional instrument for Debbie Sims Africa, a co-defendant who was convicted of the same underlying offenses and who was granted parole on the same day that petitioners were denied parole.[1] According to petitioners, this document is relevant to assessing whether the decision to deny them parole was arbitrary.

II

Rule 6(a) of the Federal Rules Governing Habeas Cases permits courts to authorize discovery in habeas corpus proceedings "for good cause." "Good cause" is demonstrated when "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy v. Gramley, 520 U.S. 899, 908-09 (1997) (quoting Harris v. Nelson, 394 U.S. 286 (1969)). Rule 6(a) further directs that

---

1. The decisional instrument is a form created for each potential parolee by the Board "to assist and inform the [B]oard's professional judgment in the parole decision-making process." See 61 Pa. Cons. Stat. Ann. § 6113(f). It includes interview notes, information on the factors that went into the Board's decision, and a record of the Board's vote on parole.

-3-

discovery is to be conducted in accordance with the Federal Rules of Civil Procedure.

We conclude that good cause exists for discovery of the Office of Victim Advocate records. Such information will permit petitioners to investigate the extent to which any input from victims influenced the Parole Board's decisions. It may also inform whether the Parole Board's decisions were, in fact, arbitrary and whether the justifications provided by the Parole Board in its notices of decision were pretext.

The Parole Board contends that these documents should not be subject to production because they are protected under Pennsylvania law. Pennsylvania law provides:

> (8) Notwithstanding any other provision of law, any and all statements or testimony of the victim or family member submitted to the board pertaining to:
>
>> (i) the continuing nature and extent of any physical harm or psychological or emotional harm or trauma suffered by the victim;
>>
>> (ii) the extent of any loss of earnings or ability to work suffered by the victim; and
>>
>> (iii) the continuing effect of the crime upon the victim's family:
>>
>>> (A) Shall be deemed confidential and privileged.
>>>
>>> (B) Shall not be subject to subpoena or discovery.

>   (C) Shall not be introduced into
>   evidence in any judicial or
>   administrative proceeding.
>
>   (D) Shall not be released to the
>   inmate.

61 Pa. Cons. Stat. Ann. § 6140(h)(8). It further provides that the addresses, telephone numbers, and other personal information of victims are confidential and that victim information shall not be disclosed without the written consent of the victim. Id. § 6140(h)(9), (11).

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." All evidentiary privileges asserted in cases pending in the federal courts are governed by Rule 501 of the Federal Rules of Evidence, which provides:

> The common law--as interpreted by United States courts in the light of reason and experience--governs a claim of privilege unless any of the following provides otherwise:
>
> - the United States Constitution;
>
> - a federal statute; or
>
> - rules prescribed by the Supreme Court.
>
> But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision.

Thus, "federal courts are to apply federal law of privilege to all elements of claims except those 'as to which State law supplies the rule of decision.'" Pearson v. Miller, 211 F.3d 57, 66 (3d Cir. 2000) (quoting Fed. R. Evid. 501). Here, petitioners assert a violation of their federal constitutional rights and thus any state law privileges are not applicable. See id. at 68. Therefore, a Pennsylvania statute declaring that certain records are confidential does not mean that such records are exempt from disclosure in federal court where federal claims are at issue.[2] See id. at 68-69.

Petitioners have stated that they will agree to enter into a protective order to maintain the confidentiality of these records. We conclude that a protective order will be sufficient to protect the rights of the victims while allowing for discovery of potentially relevant information in these actions. Accordingly, the motions to compel production of the Office of Victim Advocate documents will be granted subject to the parties' agreement to a protective order.

As stated above, petitioners have also moved to compel production of the Parole Board's decisional instrument for co-defendant Debbie Sims Africa. Petitioners assert that Sims

---

2. The Parole Board also asserts that these records are protected under 18 U.S.C. § 3771. That statute provides that crime victims have certain rights in connection with federal habeas proceedings, including the right to be heard and to be treated with dignity and with respect. It does not provide that victim statements are protected from discovery.

Africa was convicted of the same offenses and received the same sentence, was incarcerated at the same state correctional institution, had a similar prison record, and received the same recommendations for parole.  Yet Sims Africa was granted parole the same day that the Parole Board denied parole to petitioners. Petitioners assert that the decisional instrument for Sims Africa may reveal disparate treatment by the Parole Board of similarly-situated individuals and thus may further support petitioners' claim for denial of due process.

We have not reviewed the decisional instrument for Sims Africa and thus cannot determine whether good cause exists for its discovery.  Accordingly, we will order the Parole Board to produce it to this court for in camera review.  After review, the court will determine whether the decisional instrument for Sims Africa shall be produced to petitioners and under what circumstances.

In conclusion, we will grant the motions to compel production of the Office of Victim Advocate records contained in petitioners' Parole Board files but will hold in abeyance the motions to compel production of the Parole Board decisional instrument for Debbie Sims Africa pending in camera review.